IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

MIKAYLA GAFFNEY
2426 N. 50th Street,
Philadelphia, PA 19131

individually and on behalf of all others
similarly situated,

          Plaintiff,

  v.

Xolo Tacos 2, Inc.
14 N. Merion Avenue,
Bryn Mawr, PA 19010

          Defendant.

Civil Action No.: _____

Jury Trial Demanded

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Mikayla Gaffney ("Plaintiff"), individually and on behalf of all other similarly situated employees of Xolo Tacos 2, LLC ("Defendant"), by and through her undersigned counsel, brings this Collective and Class Action Complaint ("Complaint") against Defendant and alleges, upon personal belief as to herself and her own acts, and as for all other matters upon information and belief, as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this Complaint on behalf of herself and others similarly situated contending Defendant failed to pay Plaintiff and Class Plaintiffs the mandated minimum wage for all hours worked per workweek in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100 *et seq.*

2. As a result of Defendant's improper and willful failure to pay its Servers in accordance with the requirements of the FLSA/PMWA, Plaintiff and others similarly situated have suffered damages.

3. Plaintiff brings this action for monetary damages, declaratory and injunctive relief, and other equitable an ancillary relief, to seek redress for Defendant's willful, unlawful and improper conduct.

**PARTIES**

4. Paragraphs 1 through 3 are hereby incorporated by reference as though the same were fully set forth at length herein.

5. "Class Plaintiffs" are the individuals named above and those who file "opt-in" consent forms with the Court.

6. Plaintiff Mikayla Gaffney is a citizen of Pennsylvania and the United States with a current address of 2426 North 50th Street, Philadelphia, PA 19131.

7. Upon information and belief, Defendant Xolo Tacos 2, LLC is a domestic corporation that regularly conducts transactions in the Commonwealth of Pennsylvania.

8. Defendant is a "private employer" and covered by the FLSA and the PMWA.

9. Plaintiff is a previous employee who was employed by Defendant during all relevant times hereto and as such, is an employee entitled to the protections of the FLSA and the PMWA.

10. At all times relevant hereto, Defendant acted or failed to act through its agents, servants and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

12. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as her federal law claims.

13. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as Defendant's principal place of business is located in this district, and the unlawful practices of which Plaintiff is complaining were committed in this district.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Paragraphs 1 through 13 are hereby incorporated by reference as though the same were fully set forth at length herein.

15. This action is brought as a collective action to recover unpaid minimum wages, liquidated damages, unlawfully withheld wages, statutory penalties and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

16. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the position of Servers or in positions with similar job duties who were subject to Defendant's unlawful pay practices and policies described herein and who worked for Defendant at any point in the three (3) years preceding the date the instant action was initiated (the members of the putative class are hereinafter referred to as the "Class Plaintiffs").

17. Upon information and belief, Plaintiff estimates that there are at least fifteen (15) other Servers who either were or are working for Defendant and were unlawfully denied minimum wages mandated by the FLSA for all hours worked in a workweek. The precise

number of employees can be easily ascertained by Defendant. These employees can be identified and located using Defendant's payroll and personnel records. Potential Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

18. Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because all the class members are similarly situated. Plaintiff and other similarly situated employees were similarly unlawfully denied minimum wages for all hours worked in a workweek, had the same job classification and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures.

19. Plaintiff will request the Court to authorize notice to all current and former similarly situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

20. Paragraphs 1 through 19 are hereby incorporated by reference as though the same were fully set forth at length herein.

21. Plaintiff brings this action individually, and on behalf of the all other similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure, who were employed by Defendant in the position of Server in the Commonwealth of Pennsylvania during the last three (3) years and who were not paid minimum wages for all hours worked in a workweek.

22. The class is so numerous that joinder of all members is impracticable. Class members may be informed of the pendency of this Class Action by direct mail.

23. Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

4

       A.    Whether Plaintiff's and Class' received tips negate their attempt to the minimum wage under the FLSA and PMWA;

       B.    Whether Defendant failed to pay Plaintiff and the Class minimum wage in the period when said wages became due and owing in violation of the FLSA and PMWA;

       C.    Whether Defendant failed to accurately track and maintain records of the hours worked by Plaintiff and the Class; and

       D.    Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount.

24. Plaintiff's claims are typical of the claims of the Class members. Plaintiff is a former employee of Defendant who was employed in the position of Server who has suffered similar injuries as those suffered by the Class members as a result of Defendant's failure to pay minimum wages. Defendant's conduct of violating the FLSA and PMWA has affected Plaintiff and the Class in the exact same way.

25. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

26. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

27. Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

       A.    The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

B.     Defendant, by failing to pay minimum wages when they became due and owing in violation of the FLSA and PMWA, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C.     The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

28.     A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

## FACTUAL BACKGROUND

29.     Paragraphs 1 through 28 are hereby incorporated by reference as though fully set forth at length herein.

30. On or around November 22, 2017, Defendant hired Plaintiff as a Busser.

31. About one week later, Plaintiff switched into the role of a Server.

32. When Plaintiff first began her employment with Defendant in 2017, she, along with Class Plaintiffs, were paid strictly in tips for all hours worked in a workweek.

33. Defendant paid Plaintiff at the end of each shift in cash and did not pay her any wages beyond the tips she received from that night.

34. Defendant failed to pay Plaintiff and Class Plaintiffs the minimum wage as mandated by the FLSA and PMWA.

35. At the outset of her employment, Plaintiff would work approximately twenty-five (25) to thirty (30) hours per week.

36. By way of example, during the work week of January 6, 2018 through January 14, 2018, Plaintiff worked approximately twenty seven and one half (27.5) hours, but did not receive minimum wage for the hours she worked, as required by the FLSA/PMWA.

37. Upon information and belief, Class Plaintiffs worked similar hours and were not paid minimum wage, but only tip compensation.

38. Upon information and belief, Plaintiff and Class Plaintiffs would receive solely their respective tips from each night worked.

39. Upon information and belief, Defendant took in excess of the maximum tip credit permitted under the FLSA/PMWA.

40. In violation of the FLSA and PMWA, Defendant unlawfully failed to track, record and report all the hours worked by Plaintiff and Class Plaintiffs.

41. As a result of Defendant's aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

42. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to economic damages.

## COUNT I
## FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

43. Paragraphs 1 through 42 are hereby incorporated by reference as though the same were fully set forth at length herein.

44. Pursuant to Section 203(m) of the FLSA and 29 C.F.R. §531.51, Defendant is permitted to take a wage credit to those employees whose occupations in the workweeks for which such payments are made are those of "tipped employees."

45. Pursuant to Section 203(t) and of the FLSA and 29 C.F.R. §531.51, Plaintiff and Class Plaintiffs are classified as tipped employees because they customarily and regularly receive more than thirty (30) dollars a month in tips.

46. Moreover, Section 203(m) and (t) of the FLSA states an employer is required to pay Plaintiff and Class Plaintiffs the standard minimum wage rate for all hours worked.

47. Furthermore, the FLSA permits employers to meet this requirement by taking a tip credit based on the tips earned by employees. Accordingly, an employer may pay tipped employees the tipped wage rate of $2.13 and then count tips earned by the employees towards the standard minimum wage rate.

48. According to the policies and practices of Defendant, it took in excess of the maximum tip credit may take, and failed to pay Plaintiff and Class Plaintiffs the standard minimum wage for all hours worked in violation of the FLSA.

49. Moreover, Defendant failed to satisfy the requirements of the FLSA with respect to providing employees with advance notice of its intention to take a tip credit under the FLSA,

and is thus not eligible to claim any tip credit for the hours worked by Plaintiff and Class Plaintiffs. See 29 C.F.R. §531.59(b).

50. Furthermore, Defendant actively induced Plaintiffs and Class Plaintiffs not to bring a claim for failure to pay minimum wage.

51. Defendant, therefore, cannot avail itself of the FLSA's statute of limitations.

52. The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

53. Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

54. Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to U.S.C. 216(b), as well as reasonable attorneys' fees, costs and expenses.

**WHEREFORE**, Plaintiff prays for the following relief:

A. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An Order from this Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all employees who have worked for Defendant during the preceding three (3) years in the position of Server and/or in positions with similar job duties, and authorizing Class Plaintiffs' counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid minimum wage as required by the FLSA;

C. Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D. Adjudicating and declaring that Defendant violated the FLSA by failing to pay the standard minimum wage to Plaintiff and Class Plaintiffs for all hours worked in the workweek;

E. Awarding Plaintiff and Class Plaintiffs back pay wages;

F. Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G. Awarding Plaintiff and Class Plaintiffs reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

H. Awarding pre- and post-judgment interest and court costs as further allowed by law;

I. Granting Plaintiff leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J. For all additional general and equitable relief to which Class Plaintiffs may be entitled.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT**
**FAILURE TO PAY MINIMUM WAGE**

55. Paragraphs 1 through 54 are hereby incorporated by reference as though the same were fully set forth at length herein.

56. The Pennsylvania Minimum Wage Act ("PMWA") requires that all Pennsylvania employers shall pay their "tipped employees" at least minimum wage.

57. Tipped employees, if not paid $7.25 per hour, must be paid at least $2.83 per hour if the employer takes a "tip credit."

58. In Pennsylvania, restaurants are allowed to use a tip credit of $4.42 per hour to count towards the minimum wage that they must pay their tipped employees.

59. Plaintiffs and Class Plaintiffs are "tipped employees" pursuant to the PMWA.

60. Defendant knowingly and intentionally violated the PMWA by refusing to pay Plaintiffs and Class Plaintiffs minimum wage as provided by law.

61. Defendant failed to post in a conspicuous place, or otherwise inform employees of, a summary of the PMWA and its regulations.

62. Defendant actively induced Plaintiffs and Class Plaintiffs not to bring a claim for failure to pay minimum wage.

63. Defendant, therefore, cannot avail themselves of the PMWA's statute of limitations.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiffs and Class Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant, and grant them the maximum relief allowed by law, including, but not limited to:

A. An Order certifying this case as a class action and designating Plaintiff as the class representative of the Class and her counsel as class counsel;

B. An award to Plaintiff and Class Plaintiffs for the unpaid minimum wages to which they are entitled, including interest thereon, and penalties subject to proof;

C. An award Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the PMWA; and

D. An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

MURPHY LAW GROUP, LLC

By: _____
Michael Murphy, Esq.
Murphy Law Group, LLC
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
Attorney for Plaintiff

Dated: 2/19/2019

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and Class Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation