IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIKAYLA GAFFNEY, | : | |
| *Plaintiff* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| XOLO TACOS 2, INC., | : | No. 19-711 |
| *Defendant* | : | |

## ORDER

**AND NOW**, this 6th day of May, 2020, upon consideration of the Joint Motion for an Order Approving Settlement (Doc. No. 19), it is **ORDERED** that:

1. "To safeguard employee rights made mandatory by the statute, a majority of courts have held that bona fide FLSA [Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*] disputes may only be settled or compromised through payments made under the supervision of the Secretary of the Department of Labor or by judicial approval of a proposed settlement in an FLSA lawsuit." *Bettger v. Crossmark, Inc.*, No. 13-2030, 2015 WL 279754, at *3 (M.D. Pa. Jan. 22, 2015). Courts in this Circuit have routinely followed the guidance set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982), which states that a district court should approve a proposed settlement between the parties if it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355; *see Bettger*, 2015 WL 279754, at *3 (collecting cases).

2. For the reasons set forth in the Court's Memorandum dated March 31, 2020 (Doc. No. 17), the Court finds that there is a bona fide dispute between the parties in this case.

3. The Court finds that the proposed settlement agreement, which awards Ms. Gaffney approximately 75% of the minimum wage compensation and liquidated damages award she believes she could reasonably expect to prove at trial, is fair and reasonable to Ms. Gaffney. As

already addressed in the Court's Memorandum dated March 31, 2020 (Doc. No. 17), the Court also finds that the fee arrangement awarding Ms. Gaffney's attorney 35% of the settlement award plus costs is fair and reasonable.

4. This proposed settlement agreement appropriately revised the release provision and removed the confidentiality provision previously rejected by the Court. *See* March 31, 2020 Mem. at 9-13 (Doc. No. 17). Thus, the Court finds that the proposed settlement agreement does not frustrate the implementation of the FLSA.

5. Therefore, the Joint Motion for an Order Approving Settlement (Doc. No. 19) is **GRANTED**.

6. The Proposed Settlement Agreement (Doc. No. 19-2) is **APPROVED**.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE